Mr. Ramirez's deportation was defective because the mere mention of pardon through his wife did not meaningfully advise Mr. Ramirez of his apparent eligibility for relief in the form of an adjustment of status with a hardship 212H waiver. Stating that just that he could fight for a pardon didn't inform Mr. Ramirez of what actual benefit he could receive or give any clue to Mr. Ramirez of how he could actually make it. Let's assume we agree with you on that point. How was your client prejudiced by that? He was prejudiced because you have to show something more than just an economic hardship. And here Mr. Ramirez showed something more. He showed that the separation, that his separation from his United States citizen wife and United States citizen children would actually result in separation, not just relocation, and also that the – that this most likely separation would cause a – his daughter's medical condition would suffer from that. Where is that in his declaration? I have to say I did not find that anywhere in his declaration. Well, I think there's inferences in the declaration that support that. He talks about how – he talks about his daughter's medical condition. He talks about how he was sharing responsibility for both the – the care, the physical care, the – to the – taking to the hospital and responsibility for medical bills. But where it actually is also, and it's the clearest point in the record, is defense counsel, when he's arguing it, specifically alleged that this would happen. And this is on excerpt of Record Page 53. It wasn't just that his deportation would harm her economically. It's that her health would have actually been worsened if he had not – if he had been deported, because she would have been robbed of one of the supports she needed to get the right kind of medication. I read the argument, but I'm saying where in the record is there anything to support that? Because I looked at his declaration, and there's nothing in there about any of what you just said. Is there some other place in the record that supports the statements counsel made at the hearing? Well, I think an assertion of counsel during a proceeding, either in the pleadings or at the – or during the hearing, that was not – that basically was accepted as true by the government, by the district court, it was never disputed. At a pleading stage, it's enough for defense counsel to allege it. So because it's been – it hasn't been disputed, I don't think the government, even in their response brief, has taken issue with defense counsel's assertion of a fact that at this point we must take it as true. It's not been disputed yet. Let's go back to the deportation proceedings. Doesn't the record of that proceeding make it pretty clear that your client wasn't interested in anything but a quick – a quick resolution of that proceeding so he could get on with his life? The problem with that – I mean, again, taking the point that he should have been advised of his right to apply for a waiver, doesn't that record make it pretty clear that no matter what he was told at that point, he was bound and determined to get this one over with and get on? Well, first of all, I think, you know, one of the fundamental premises of these type of motions is every presumption should be against a valid waiver. So this is just an inference that you're saying shows that he, you know, would have waived in any circumstances, but that's the exact presumption with this court's case. Well, where do we – where do our cases say that every inference is against a waiver? In Lopez-Vazquez, it says that the court should indulge every reasonable presumption against waiver. So – But is that – is that waiver of right to seek his discretionary waiver? Is that waiver of right to – to contest the deportation? I believe that's – In other words, you're not claiming that – you're not claiming there were valid grounds to contest the deportation. What you're claiming is the order of – he could have gotten a waiver from the deportation, if you will. Basically, what I'm saying is someone needs to – I mean, there's a due process violation when someone doesn't knowingly and intelligently waive some of their immigration rights. And one of these rights here – Well, and that's what I'm – that's what I'm asking, and it's not a – it's not a trick question. I'm just not sure I get this out of our cases. I know our cases say that when somebody is waiving his right to a hearing and waiving his right to appeal and et cetera, that he needs to intelligently do that. But do our cases say we indulge every presumption that – that the – that the person waived his discretionary right to seek relief from the Department of Justice? I'm not sure I find that in the cases. Well, I think, you know, because someone has to get meaningful advice as to what relief they're entitled to or what relief they could apply to, when that statement isn't made clearly, when it's not explained, well, here's the type of relief you could get. These are the benefits you would receive from the relief, and here's how you can get it. If you're not explaining that, the fact that the person is saying, you know, to some unknown pardon or unknown ability to fight that, no, I don't want to do that, that's just not knowing and intelligent decision. And that's where the case law goes to. And it's ultimately the person's knowing and intelligent decision to forego this type of relief. Because when you don't do – when you fail to do that, you don't get to knowingly, intelligently waiving your right to appeal. Can I ask just – can you walk me through your response to the government's argument that he was just simply categorically ineligible for relief? They make that argument in a brief and I just – can you walk me through why that's not the case? It's actually really very simple. Because the Ramos case that they rely on, that said, you know, that Mr. Ramos was relying on a 212H waiver, well, his deportation occurred sometime after 2001. But there was a statute, and it's 8 U.S.C. 1255I, which waived the actual inadmissibility grounds. So because that existed in 1997, he was statutorily eligible to first adjust his status under 212 – under 1255I to someone who's actually lawfully in the United States and then use the 212H waiver. No further questions, I'll submit. I do have one question. It's sort of a meta-question. We do say repeatedly in our cases that we review these determinations de novo. But these are factual findings by the – I mean, there are legal questions involved. But it looks to me like what the district judge did here were – involved pure fact findings. Why is that the kind of thing we review de novo? Why is it not real deference to the district judge? I disagree that it's a pure factual finding. Because what the judge said – Nothing is ever a pure factual finding. But there are clearly factual findings in here that get intertwined with other things. I mean, the judge – the district judge says the court is not persuaded the defendant waived his right. I mean, so he makes that determination. He says, however, the defendant's collateral challenge must fail because he has not demonstrated that he was prejudiced as a result of any defect. And then he goes on to make specific other factual findings. The legal terminology for most of that and then just makes the legal conclusion that the facts presented don't meet the extreme hardship that's necessary under this Court's case law. And so it is – But something as simple as would he have or would he have not applied for a leave, the kind of issues that Judge Hurwitz was asking about, it looked to me, looking at the transcript, much like he wouldn't hurry, he wanted to leave, he wanted to get back. And, you know, I don't know what – you know, when you look at the past, the past is – I'm not – We all deal with the past in the law. And it's always a big fog as to what happened and certainly what would have happened. Why isn't – why don't we have some deference to the district court on issues like that? Well, first of all, I don't think there is a solid legal theory that a district court or even this Court can look at the whole record and say, well, if he was properly advised, would he have waived relief? You look to whether or not he was properly advised, and that affects whether or not the person made a knowing and intelligent verdict. But prejudice is like that, because if you didn't look at the second question, then you would say he wasn't properly advised, end of inquiry, we don't look further. And yet, clearly, we do look further, and we say, well, okay, had he been properly advised, would this have made a difference in this case? And that's why the whole prejudice inquiry is – and that's always the question in prejudice inquiries. You always presuppose something that didn't happen, you know, and use something that's counterfactual and say, you know, would this have made a difference? But the prejudice question is, was there plausible grounds for relief? And so then you just focus on whether or not relief was available. Well, it's more than that. Was there plausible grounds for relief? And would he have taken advantage of them? Or would he have – I'm not aware of any case saying the latter. Was relief plausible? I've never read a case from this circuit that said relief was plausible, but reading in the record of Hall, we don't think the person would take advantage of it. I just don't think that's a – there's a case that says that. Okay. Thank you. Thank you. We'll hear from the government. Good morning, Your Honor. Michelle Pettit from the United States. As an initial matter, as we've already been discussing this morning, it's a judicial prerequisite to determine that the appellant had failed to exhaust his administrative remedies. I think in the majority of the cases this Court deals with, and I know in my own experience, we typically gloss through that step and get right to prejudice because that's where the facts are that allow us to make a decision on it, on the case. In this case, we actually have facts that support his absolute waiver and lack of exhaustion of administrative remedies where he knew exactly what the benefits were. Counsel for the appellant just stated that he would have had to have been explained in that January 1997 hearing for the immigration judge what benefits would come from being married to a U.S. citizen, but he already knew that. He had already previously received status based on his wife. So when the immigration judge in 1997 looked at the case, immediately saw that as an issue, he raised it. Now, I disagree absolutely that he actually was eligible, meaning the appellant was eligible for that relief. Tell me why your opponent's wrong on that. He seems to have worked through the statutory scheme appropriately. Tell me where he missed it. The step that he's missed, Your Honor, and I would like to note that this was something that was raised for the first time on his reply brief. The appellant's arguments in this 13-2016 motion have been a moving target from the very beginning, where every single brief he filed has been a different argument. So in the first instance he raises this. Well, but to be fair to him, the district judge simply found that there weren't plausible grounds to suspect that relief would be given. Correction. This argument arises for the first time in your response brief. So the fact that it shows up in his reply isn't very surprising. Well, it showed up in his reply brief. The 212-H argument showed up, was explained for the first time in his reply brief in the lower court, where I as the counsel didn't have a chance to respond. So that's why this has kind of morphed into an issue for appellants. Counsel, just, is his reliance on 1255I correct or incorrect? It is incorrect, Your Honor. And the reason why is because he is correct that 1255I prior to 2001 would allow someone to still apply for a status, adjustment of status if they were, if they entered without inspection. That changed after 2001. But what he fails to recognize is that you, in order to be granted that relief, you have to be eligible to receive an immigrant visa. The appellant in 1997 was not eligible for that because in 1993 he had a conviction for first-degree burglary where he received two years. This Court already said actually just recently in June 2012 under Ramos-Medina at 682 F. 3rd 852, that under California Penal Code 459, first-degree residential burglary, that that is considered a crime of violence and an aggravated felony under the immigration law. So he is statutorily ineligible. But that's why he relies on 212-H, right? Correct, Your Honor. But what he's saying is that under 1255I he would be eligible just to apply for adjustment of status, which is not true. Therefore, he'd have to apply, to have to rely on 212-H. Right. He is also ineligible for 212-H because 212-H is a waiver of only five bases of immiscibility. He was not, he did not have any of those bases of inimmiscibility. His inimmiscibility was for failure to be inspected, to be, enter without inspection. So he was not eligible for a waiver for that inimmiscibility. So statutorily under 212-H, he could not be granted that waiver. I mean, you'll have to, I looked at 212-H or 1182, I guess it is. Just tell me where in the statute you get that. Because I didn't find it. You have to, it's hard, Your Honor. If you go to 212-H and it's really, it's 1182-H under the waiver section. It specifically says there's five bases of inimmiscibility that it's waiving and it lists them as A2A, I, little i, 1, and then Roman numeral 2, B, D, and E. Those five bases of eligibility, I tried to kind of piece it together. And actually, Judge Moskowitz, the case that I cited in my brief that explains this, I quoted from him from his district court opinion because he lays out those five bases because basically he took the statutory language and put it right into his findings. If I can find that here briefly. And that's on page 15 of my brief. And it lays it out specifically, it's in DeLone-Torres, and it gives you the actual statutory language of the five bases, one being a crime of moral turpitude, the second one being conviction of two or more offenses for which the aggregate sentence is confinement for five years or more, and you can continue to read there through. All of those five bases, none of them is entry without inspection. So under the 212H waiver provision, you have to go back to that notice to appear, his order to show cause, and what was the base of minimiscibility. In this case, it was entry without inspection. So then you've got to go to 8 U.S.C. section 1182 and go to these five provisions to see if it matches one of those. If it does not, 212H waiver does not apply. And the provisions that you're talking about are back in 1182A? Correct. Okay. And which, again, help me with this, because I looked at them. It's 1182A2A, little i, Roman numeral 1. Okay. That's the crime of moral turpitude provision. Right. Then it's 8 U.S.C. section 1182A2B. That's conviction of two or more offenses for which the aggregate sentence to confinement were five years or more. Okay. Then it's 8 U.S.C. section 1182A2D. Come to the United States solely, principally, or incidentally to engage in prostitution. And it's a little bit more lengthy, but it's related to prostitution. I'm sorry. D has three subsections. Sorry, sir? D has three subsections. So it's all of D. It would help if you skip the 1182 part and just focus on subsections. Okay. So let's start from the top. Okay. Okay. You said there are how many? There's five. Total of five. Okay. Number one. Give me a subsection. Number one is A2, capital A, little i, Roman numeral 1. Okay. That's crime of moral turpitude. Okay. And what is 2? Why is 2 less than A1? It's A2. A, I, numeral 2. Correct. It's A2, A, little i, Roman numeral 1. But there's also a 2 in there. Correct. A2. Why doesn't A2 count? Because I think, Your Honor, under 1182H, waiver of subsection, it gives the specific subsections. And so I think it goes all the way down to. Oh, I see. It lists specific subsections. Correct. So if you go directly to 1182H, waiver of subsection, it is very specifically enumerated. Now, you're correct when it just says waiver of subsection B. So that would be all of B. A2B. Yeah, B is only one paragraph. Correct. And then for D, it says A2D. And so it's all of D relating to prostitution. And then it's A2E. So it would be all that remained are the certain aliens who have committed a serious crime, criminal offense in the United States, and exercise immunity from criminal jurisdiction. Okay. But I understand that. But the burglary conviction, the one that you're relying on, isn't that deemed a crime of moral turpitude? So it's swept within H, which the Attorney General has discretion to waive that, right? So start backwards with this. This is where I think we're all having some trouble. The Attorney General would have, under H, because of this was a crime of moral turpitude, had the ability to waive it as a condition for inadmissibility, correct? Correct. But we have to step back. You don't get to 212H. 212H relates just to whether or not you get a waiver based on your marital status. You have to start with that prerequisite, which he proved that. Obviously, he was married to a U.S. citizen. Then you have to go through all the provisions to see if he met any of those provisions. What he doesn't meet with 212H is the waiver. The whole section of 212H only gives you a waiver of admissibility for those five basis that we're going through right now. So in this initial matter, he looks like actually ---- So H says waiver of subsections A to A1, I, 1, and 2. Correct. B, D, and E. So those are the five ---- Correct. ----subsections that can be waived under H. Here's where I'm having some difficulty with your argument, and it's probably me. We're looking backwards here. We're looking at the time of his original deportation. That's the one you're relying on. Correct. At that point, was ---- but for his conviction of a crime of moral turpitude, would this person have been eligible for a waiver because he was married to a U.S. citizen? He would not have been because he was not being processed for the right basis of admissibility. Meaning he couldn't get a 212H waiver because of the basis for admissibility on that order to show cause. I know it's a very technical argument, and you can see why the courts typically go straight to the prejudice argument, to the factual. Because even in this case, if you take out all the legalese and all the statutory construction, which is incredibly confusing in this case, and you go straight to the facts, even on a pure factual finding, which is actually the lower court did a very good job on in ER 50 and 51 to explain the factual findings, that he did not meet his burden on even proving that he has an extreme hardship. Yeah, and I understand that. I know where you're at. And I'm out of time. I know you're out of time, but I'm having some difficulty understanding the government's position. Just to make it clear, you're not out of time until he says so. Thank you. Thank you, Eric. There's no escaping that easily. Never saved by the clock around here. And I'm the new guy, so it's probably me, but I'm still having trouble understanding the argument. No, the old guy. If the government had sought to deport Mr. Ramirez, because he had been convicted, then your view is that he would be eligible for a waiver. Exactly. But if the government seeks to deport him simply because he doesn't belong here, then he's not eligible for a waiver? That's exactly what statutory construction says. I know it doesn't make a lot of intuitive sense, but then it goes back to the argument of counsel, the appellant counsel, where if you just, if the only basis for inadmissibility was that you enter without inspection, before 2001, you could still apply under 1255, which takes us back to his argument. The problem is we have to add in the factor that at that point he already had the crime of violence and the aggravated felonies. Which the Attorney General has the ability to waive under H as one of the grounds of inadmissibility. Correct, which becomes a circular argument, because then he's, based on how he was notified, he would not have that waiver available to him. He's just saying I'm going to combine 1255I with 1182H, and that gets me where I need to go, and I just don't, I still haven't heard from you why he can't combine the two statutes to at least provide, make him eligible for a waiver. Because they don't necessarily work together, Your Honor. I mean, I actually looked at a case on this to see if you, if how courts have, at least BIA, how they've looked at it. In some cases, they do look at one step being related to another. In other cases, it truly is independent. This case, it truly is two independent arguments. Because if he's an eligible one, he might be eligible for the other. So 212H is a pretty small exception to the immigration rules related specifically to being, in this case, married to someone who's a U.S. citizen. So it's a very small subsection, where 1255 obviously is the larger law that allows individuals to make applications for adjustment of status. So he actually could have pursued either basis. He just happens to be ineligible for both. He happens to be what? He's ineligible for both based on our analysis of the law, Your Honor. Okay. So your H argument is his crime doesn't fall into one of those listed subsections. We can look them up and check. Correct. And your argument as to I? Is that because he already had an aggravated felony, he would have been statutory ineligible to receive an adjustment of status because he was not eligible for an immigrant visa. You specific to get to 1255I, you still have to be eligible to be able to receive an immigrant visa. He was not eligible because he was an aggravated felon. And you can find that in Ramos Medina. That can't be waived. No, Your Honor, it can't be waived. He's statutorily ineligible. But it could have been waived had the basis for his initial deportation been that he was a convicted felon. 212H would have given him a different avenue around 1255. That's how they actually work together because even if the court says you're not eligible to even apply for adjustment of status, the court can still look at 212H because the statutory construction, that would be allowed. And then our argument is he's still not eligible under 212H. Okay. Thank you. Thank you, Your Honor. Thank you. You're going to make this much simpler, I assume, right? I'm going to give my best shot. Okay. Let's just start from the actual allegation of why they're trying to his ground of inadmissibility, and that was that he entered without inspection. What I'm saying is he could have used or, first of all, he could have even admitted that and then asked for an adjustment of status under 21255A. To get that, he would first, usually that applies to only people who have been inspected, admitted, and paroled in the United States. First, he would need to get around that, which would be to use his 1255I waiver. So he would be now presumably partially qualified under A. But then A How would he get that? Because he was married to a U.S. citizen? Yes. Because he's married to a United States citizen for the requirements in I, he was at least statutory eligible at that time to make the application under I. But under A, he would still have to be eligible to receive an immigrant visa and admissible to the United States for permanent residence. That's where his convictions would become a problem. And that's where the waiver comes in. And that's where the 212H waiver, a proper ground on that waiver, would come in to at least make him statutory eligible. Then he would be facing, well, does he meet the qualifications of 212H? And the So this is, so how does he get past the inadmissibility? The eligible for admissibility. The burglary conviction would have been a crime of moral turpitude at least. Now, go back. How does he get past the first hurdle? Why is he eligible for For I? Is that what you're saying? Yeah. Okay. For I, it is because I mean, he is, he's got a spouse and all that. I got that part. But how does he get past I mean, he would get past that by basically paying $1,000. No, no. I got that part. But he also has to be, he has to show he's admissible. Yes. And showing you're admissible, then He's barred by his record, right? No. The 212H waiver would get him through the record. Well, that's the answer. That's my question. How would he get past it? And your answer is he used to By showing that He gets past it using 212H. Correct. Okay. So now we turn to 212H. Why don't you show me how he gets past 212H. The only potential stumbling block of 212H would be he would have to show extreme hardship to the United States. Well, no. 212H lists five things that can be waived. In A, 2A, I, 1, and 2B, D, and E. Which one of those does he fit in under? He's got to get rid of this felony conviction somehow to get in. Where under H does he get rid of it? Where under H? Yeah. By showing extreme hardship. No, no. It has to be one of the listed. The crime of moral perpetuity one. I'm sorry, I don't have the In the gun, are you talking about the statute funding? I had other Go get it. Go get it. You got A? I'm trying to get to A. Would you like to look at mine? What's that? Would you like to look at mine? I haven't found it. Counsel will give it to you right there. I got it now. Thank you. Okay. So it's A, 1, I, right? Crime of moral perpetuity, that's what you're relying on? Yes. And the government's argument is that if that wasn't the grounds of inadmissibility in this case, and so respond to that. It wasn't. In other words, this says the attorney general can waive this ground of inadmissibility, but that the ground of inadmissibility in this case was illegal entry, if you will. But at this point, because it's not, because the I, the 1255I has taken care of that ground of inadmissibility, we are looking now towards another ground of inadmissibility. And your argument is that he could have gotten past that because he was married to an American citizen and immediately eligible for a visa on that basis. Yes. Once the conviction was taken away. Correct. And this basically is laid out in the district court decision that the government cites at De Leon. They do say if the person was grandfathered, and they note that the 212I had ended in 2012, and they note if the person would have been grandfathered into this, then you would have gone through and looked to, well, did he have a conviction that could have been waived? And unfortunately, in De Leon, he had a drug conviction, which the 212H wouldn't have worked for, but doesn't address a burglary conviction here. What about deportation offense? Pardon me? I thought the government was arguing that he was ineligible because of deportation. They have not made that argument, and if they made it here today, that's the first time I've heard of it. And I think you could still get through that, but I mean, I would need to research that. Okay. Thank you. Okay. Case is argued. We'll stand submitted.
judges: Kozinski, Watford, Hurwitz